NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JEHAN ZEB MIR, M.D.,

    Plaintiff-Appellant,

 v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY; et al.,

    Defendants-Appellees.

No. 20-56403

D.C. No. 2:19-cv-03960-SVW-SK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted February 15, 2022[**]

Before: FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

 Jehan Zeb Mir, M.D., appeals pro se from the district court's summary
judgment in his action alleging federal and state law claims stemming from denial
of Mir's insurance claim. We have jurisdiction under 28 U.S.C. § 1291. We
review de novo. *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir.

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

2003).  We affirm.

The district court properly granted summary judgment on Mir's claims for breach of contract and breach of the implied covenant of good faith and fair dealing because Mir's claims were barred by the applicable statute of limitations, and Mir failed to establish any basis for tolling.  *See* Cal. Ins. Code § 11580.2(i)(2) ("Any arbitration instituted pursuant to this section shall be concluded . . . [w]ithin five years from the institution of the arbitration proceeding."); *id.* § 11580.2(k) (providing for tolling if the insurer fails to provide written notice of the applicable statute of limitations "at least 30 days before the expiration"); *see also id.* § 11580.2(i)(3) (excusing a party's noncompliance with the statute of limitations on the basis of estoppel, waiver, impossibility, impracticality, and futility).

The district court did not abuse its discretion by denying Mir's motion for reconsideration because Mir failed to establish any basis for such relief.  *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

The district court did not abuse its discretion by granting defendant's application to quash the deposition subpoena of Rosenwasser because Mir failed to demonstrate actual and substantial prejudice.  *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1084, 1093 (9th Cir. 2003) (setting forth standard of review and explaining that a district court's "decision to deny discovery will not be disturbed

except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

We reject as without merit Mir's contention that the district court lacked subject matter jurisdiction or that the September 24, 2012 letter was fabricated.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Mir's motion for judicial notice is denied as unnecessary.

**AFFIRMED.**